**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-960-DDD-NRN

ESTATE OF WILFORD DEWEESE,

Plaintiff,

v.

RONNIE HANCOCK,
DANIEL LEBARON,
LEVI HOOVER, and
JEFFREY SCHUELKE,

Defendants.

_____

**SCHEDULING ORDER**
_____

**1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

The Scheduling/Planning Conference pursuant to Fed.R.Civ.P. 16(b) is scheduled for

**August 14, 2024**, at 3:00 p.m. via remote means,[1] before Magistrate Judge Reid Neureiter.

Appearing for the parties:

| | |
|---|---|
| Raymond K. Bryant | Eric M. Ziporin |
| Luke W. McConnell | Jonathan Eddy |
| Civil Rights Litigation Group, LLP | SGR, LLC |
| 1543 Champa St., #400 | 3900 E. Mexico Ave., # 700 |
| Denver, CO 80202 | Denver, Colorado 80210 |
| P:  720-515-6165 | P: 303-320-0509 |
| F:  303-534-1949 | Email: eziporin@sgrllc.com |
| Email: raymond@rightslitigation.com | Email: jeddy@sgrllc.com |
| Email: luke@rightslitigation.com | *Attorneys for Defendants Hoover and Schulke* |
| *Attorneys for Plaintiff* | |

---

[1] (571) 353-2301, Access Code 841686937

Bryan E. Schmid
Steven W. Martyn
Christopher Strider
El Paso County Attorney's Office
200 S. Cascade Avenue
Colorado Springs, CO 80903
P: (719) 520-6485
F: (719) 520-6487
Email: bryanschmid@elpasoco.com
Email: stevenmartyn@elpasoco.com
Email: chrisstrider@elpasoco.com
*Counsel For Defendants Hancock and Lebaron*

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction of the subject matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. <u>Plaintiff</u>: Plaintiff asserts claims for excessive force pursuant to 42 U.S.C. § 1983 and C.R.S. § 13-21-131 for violations of the Plaintiff's federal and state Constitutional rights. The Defendant officers used excessive force by coordinating and sending a police canine to attack Mr. Deweese while he was standing still in an open public square after having made no attempt to flee, resist, or threaten the officers for a long period of time. The police canine was ordered to bite and threatened Mr. Deweese with serious bodily injury, which prompted Mr. Deweese to defend himself by shooting the canine as it approached to bite him. Mr. Deweese drew and fired his pistol at only the canine, in a direction perpendicular to and away from the officers, to ensure they would not reasonably perceive this as a threat to human life. Nevertheless, the officers then opened fire and shot Mr. Deweese over 40 times, killing him.

    b. <u>Defendants</u>:

On the night of April 11, 2022, Manitou Springs Police Officers Levi Hoover and Jeffrey Schuelke responded to a 911 call about a physical altercation between Mr. Deweese and another man involving a firearm. The officers located Mr. Deweese standing between two buildings on a narrow ramp surrounded by a metal railing. With their guns drawn and pointed toward Mr. Deweese, the officers repeatedly ordered him to drop what was in his hands, put his hands up, and walk toward the officers. Mr. Deweese did not comply. The officers were subsequently joined by El Paso County Sheriff's Deputy Daniel LeBaron and repeated similar commands to no avail before El Paso County Sheriff's Deputy Ronnie Hancock arrived on scene with his police dog Jinx. Deputy Hancock took control of the scene and gave numerous additional commands for Mr. Deweese to surrender—expressly warning Mr. Deweese that Jinx would be deployed to bite him if he failed to comply. Mr. Deweese again did not comply and remained stationary near the building. Mr. Deweese yelled he would shoot Jinx if Jinx was deployed to bite him. Despite Deputy Hancock pleading with Mr. Deweese to surrender, and after Mr. Deweese had refused commands over a long period of time, Deputy Hancock deployed Jinx to subdue Mr. Deweese. Officers proceeded close behind with their guns drawn. As Jinx approached Mr. Deweese, Mr. Deweese removed a gun from his pocket and fired multiple rounds at Jinx, killing the animal. As this was occurring officers returned fire on Mr. Deweese, killing him.

Defendants assert the following defenses: (1) Plaintiff (which includes Mr. Deweese and his Estate) has failed to state a claim for relief, (2) Defendants' actions at all times complied with constitutional, statutory, and common-law obligations, (3) Defendants are entitled to qualified and Colorado common law good-faith immunity, (4) Plaintiff is completely or comparatively at fault

3

for his own injuries, (5) Defendants' conduct was reasonable under the circumstances of this case, (6) Defendants' conduct was justified under the clearly established law, (7) Defendants' conduct did not demonstrate an evil motive or intent, recklessness, or a callous indifference to Plaintiff's civil rights that would otherwise warrant punitive damages, (8) Plaintiff's recoverable damages, if any, are not to the nature and extent alleged and were not caused by Defendants, (9) Plaintiff has failed to reasonably mitigate his damages, if any, (10) at all times material, Plaintiff was accorded all rights, privileges, and immunities guaranteed to him by the Constitution and laws of the United States, the Colorado Constitution, and the laws of the State of Colorado, (11) Defendants were lawfully exercising their Public Duties in accordance with C.R.S. § 18-1-701, and were properly exercising their police powers and the authority vested in them by virtue of C.R.S. §§ 16-3-101, 16-3-102, 16-3-103, 18-1-701, and 18-1-707, at all times pertinent to the incident, (12) one or more of the provisions of C.R.S. § 13-21-131 are unconstitutional, (13) reduction of damages based on fault or amount paid by another defendant or third-party, (14) reduction of damages based on compensation from another source, (15) reduction of damages based on the doctrine of set-off, and (16) bars and limitations on punitive or exemplary damages as provided by C.R.S. § 13-21-102. Defendants reserve their right to add any defenses that become apparent through discovery.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. At all times relevant to Plaintiff's claims, the individual Defendants were peace officers employed by either the Manitou Springs Police Department or the El Paso County Sheriff's Office, and all officers acted under color of state law.

## 5. COMPUTATION OF DAMAGES

<u>Plaintiff</u>: Plaintiff claims damages in the following categories in an amount to be determined at trial and supplemented as discovery proceeds and experts are retained for the following:

(1) Compensatory damages, including both survival damages and wrongful death damages permitted under federal law, including:

    (a) Physical injury, including loss of life, loss enjoyment of life, etc.

    (b) Hedonic damages associated with the loss of life;

    (d) Emotional distress;

    (e) Loss of liberty;

    (f) Economic damages, including medical billing, lost wages, loss of financial support, funeral and burial expenses, and otherwise associated with loss of life;

    (g) Other miscellaneous economic costs and inconveniences associated with the shooting death of decedent.

(2) Punitive sanctions against the individual officers; and

(3) As otherwise articulated in the Complaint and Jury Demand, including costs, interest, expert witness fees, and attorneys' fees.

b. <u>Defendants</u>:

Defendants do not seek damages but reserve their right to recover fees and costs.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting: August 7, 2024

b. Names of each participant and party he/she represented:

    i. Luke W. McConnell and Raymond K. Bryant on behalf of the plaintiff.

5

      ii.      Jonathan Eddy, Steven W. Martyn, and Christopher Strider on behalf of Defendants.

c.      Defendants cannot make disclosure pursuant to Rule 26(a)(1) before August 28. 2024. The parties will disclose on or before August 28, 2024.

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): 14 days after the Scheduling Conference.

e.      Statement concerning any agreement to conduct informal discovery:

The parties do not have any specific agreement to conduct informal discovery, but pledge to act in good faith regarding initial disclosures and to exchange all relevant and available information when possible without the use of written discovery.

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

The parties agree to cooperate in order to reduce the costs of litigation and expedite the just disposition of the case, including the use of a unified exhibit numbering system.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do anticipate extensive electronically stored information in this case. The parties will retain all information stored electronically and will notify all persons employed by each party who have control over such electronically stored information to retain all information throughout the course of this litigation. The parties agree to work cooperatively to avoid

discovery disputes related to electronically stored information and, in the event disputes arise, the parties will attempt to apply the *Sedona Principles*, 3rd Ed. to resolve such disputes.

 h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have yet to meaningfully discussed settlement and commit to doing so upon the exchange of initial discovery and the depositions of the parties, pending a demand.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

 a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

  Without leave of court, each side (Plaintiff on the one side, and the Defendants on the other side) shall be limited to 12 depositions, exclusive of experts, which may be increased with agreement of counsel.

  Each party group (El Paso County deputy, Manitiou Springs ofcs, and Plaintiff) shall be limited to 25 unique interrogatories per party group.

 b. Limitations which any party proposes on the length of depositions.

None. The parties agree that the presumptive limits in the Rules will apply.

  **Defendants propose a limit of four hours for any nonparty deponent.**

 c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

       Without leave of court, each side shall be limited to 50 requests for production of documents.

       **Defendants propose a limit of 25 requests for production per party group.**

       Without leave of court, each side shall be limited to 50 requests for admissions.

       **Defendants propose a limit of 25 requests for admission per party group.**

d.    Other Planning or Discovery Orders.

1. Given their assertions of immunity and forthcoming/pending dispositive motions, Defendants believe that discovery should be stayed until such motions are adjudicated. Defendants will seek a stay of discovery.

   Plaintiff opposes such request, as the defendants are not and cannot be entitled to immunity for parallel claims under Section 13-131.

2. The parties anticipate that a Stipulated Protective Order may be necessary to maintain the confidentiality of police, personnel, and municipal records, as well as medical records pertaining to the Estate.

3. The parties agree to provide all identified discovery materials in electronic form, where possible.

4. The parties agree to exchange all discovery information, including all disclosures, requests for discovery, conferrals, etc. amongst all counsel entered in the case.

5. The Parties agree that in providing any supplemental disclosures or supplemental written discovery responses, new information will be added to the previously served document in bold font, redlining, or unique annotation, so as to create a single document that contains all original information and supplemental information.

6. The parties will comply with D.C.Colo.LCivR. 7.1(a) and the Court's practice standards for discovery disputes before filing an opposed discovery motion.

## 9. CASE PLAN AND SCHEDULE

a.    <u>Deadline for Joinder of Parties and Amendment of Pleadings:</u> December 11, 2024

b.    <u>Discovery Cut-off:</u> May 14, 2025

8

    c.    <u>Dispositive Motion Deadline:</u> June 13, 2025

    d.    <u>Expert Witness Disclosure:</u>

1. The parties anticipate expert testimony in the following areas:

    i. <u>Plaintiff</u>: Plaintiff anticipates opinion testimony to include, police polices, practices, and training in the use of force and canine handling/supervision.

    ii. <u>Defendants</u>: Defendants anticipate retained experts in the areas of deadly force and canine handling.

2. Limitations which the parties propose on the use or number of expert witnesses: No more than three.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: March 14, 2025.

4. The parties shall designate all rebuttal experts and provide opposing counsel with all rebuttal information specified in Fed. R. Civ. P. 26(a)(2) on or before: April 30, 2025.

    e.    <u>Identification of Persons to Be Deposed:</u>

| Plaintiff | Defendants |
|---|---|
| Ronnie Hancock (7 hours) | The Estate (7 hours) |
| Daniel Lebaron (7 hours) | Any non-party witness to the incident (identified through discovery) (4 hours) |
| Levi Hoover (7 hours) | |

9

| | |
|---|---|
| Jeffrey Schuelke (7 hours) | |
| 4x witnesses to incident at bar preceding the shooting (4 hours each) | |
| 30(b)(6) Representative of the City of Manitou Springs (7 hours) | |
| 30(b)(6) Representative of El Paso County (7 hours) | |
| 2-3x Officers who investigated the incident, collected evidence, or investigated the scene of the incident. | |
| 4x officers who witnessed the incident, reviewed or gave supervisor approval for the use of force (4 hours). | |
| | |

   f.   <u>Deadline for Interrogatories:</u> April 9, 2025.

   g.   <u>Deadline for Requests for Production of Documents and/or Admissions:</u> April, 2025.

### 10.  DATES FOR FURTHER CONFERENCES

   a.   Status conferences will be held in this case at the following dates and times: _____.

10

b.  A final pretrial conference will be held in this case on _____ at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b.  Anticipated length of trial and whether trial is to the court or jury.

Trial will be to a jury and is anticipated to last approximately 7 days.

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause and upon motion to the court.

DATED at Denver, Colorado, this _____ day of _____, 2024.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED AS TO FORM:

/s/ Raymond Bryant
Raymond K. Bryant
Luke W. McConnell
Civil Rights Litigation Group, LLP
1543 Champa St., #400
Denver, CO 80202
P:  720-515-6165
F:  303-534-1949
Email: raymond@rightslitigation.com
Email: luke@rightslitigation.com

/s/ Jonathan Eddy
Jonathan Eddy
SGR, LLC
3900 E. Mexico Ave, Ste 700
Denver, CO 80210
Phone: (303) 320-0509
*Counsel For Defendants Hoover and Schulke*

12

*Attorneys for Plaintiff*

/s/Steven Martyn
Bryan E. Schmid
Steven W. Martyn
Christopher Strider
El Paso County Attorney's Office
200 S. Cascade Avenue
Colorado Springs, CO 80903
P: (719) 520-6485
F: (719) 520-6487
Email: bryanschmid@elpasoco.com
Email: stevenmartyn@elpasoco.com
Email: chrisstrider@elpasoco.com
*Counsel For Defendants Hancock and Lebaron*

13